Mark A. Chambers (#98933)
Attorney at Law
345 W. Ninth Avenue, Suite 200
Escondido, California 92025-5055
Telephone: (760) 489-1808
Fax:       (760) 489-0225
chambers@mchambers.mpowermail.com
Attorney for Defendant
Alberto Minor-Olvera

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE IRMA E. GONZALEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALBERTO MINOR-0OLVERA (2),<br><br>Defendant. | CASE NO. 07-CR-3054-002-IEG<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS<br><br>DATE: JANUARY 7, 2008<br>TIME:  2:00 p.m. |

I

STATEMENT OF FACTS

Mr. Minor-Olvera has been charged with Title 8, United States Code, Section 1324(a)(2)(B)(ii), Bringing in Illegal Aliens for Financial Gain;  Title 18, United States Code Section 2, Aiding and Abetting; and Title 8, Section 1324(a)(1)(A)(ii) and (v)(II)  - Transportation of Illegal Aliens and Aiding and Abetting.

//
//
//
//
//

1

II

MOTION TO COMPEL DISCOVERY

Defendant Alberto Minor-Olvera moves for the production of the following discovery. This motion applies to discovery of which the government attorney knows, or of which the government attorney may become aware through due diligence. See Fed. R. Crim. P.16.

(1) <u>The Defendant's Statements</u>. The defendant requests disclosure of <u>all</u> copies of any written or recorded statements made by him; any written records containing the substance of any oral statements made by the defendant and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u> warnings which may have been given to the defendant; any response by the defendant to interrogatories; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a) (1) (A).

(2) <u>Arrest Reports, Notes and Tapes</u>. The defendant requests the government to turn over all arrest reports, notes, any tapes dispatch or otherwise, or TECS records that relate to the circumstances alleged in the indictment. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a) (1) (A); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a) (1) (B) and (C); Fed. R. Crim. P. 26.2 and 12(i).

(3) <u>The Defendant's Prior Record</u>. The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a) (1) (B).

(4) <u>Evidence Seized</u>. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a) (1) (C).

1　　　　(5)　Tangible Objects.  The defendant requests the opportunity to inspect and
2 copy as well as test, if necessary, all other documents and tangible objects, including
3 photographs, books, papers, documents, fingerprint analysis, vehicles, or copies of
4 portions thereof, which are material to the defense or intended for use in the
5 government's case-in-chief or were obtained from or belong to the defendant.  Fed. R.
6 Crim. P. 16 (a) (1) (C).

7　　　　(6)　Request for Preservation of Evidence.  The defendant specifically requests
8 the preservation of all physical evidence that may be destroyed, lost, or otherwise put
9 out of the possession, custody, or care of the government and which relates to the
10 charges alleged in the indictment.  This request includes any tapes, or the
11 handwritten notes of the government agents taken while interviewing any witness,
12 the results of any fingerprint analysis, any audio and video surveillance tapes, the
13 defendant's personal effects, and any evidence seized from the defendant or any third
14 party.

15　　　　(7)　Reports of Examinations And Tests.  The defendant requests copies of
16 any reports of physical and mental examinations and any scientific tests which are
17 material to the defense or intended for use in the government's case-in-chief.  Fed. R.
18 Crim.  P. 16 (a) (1) (D).

19　　　　(8)　Expert Witnesses.  The defendant requests the name, qualifications, and
20 a written summary of the testimony of any person that the government intends to call
21 as an expert witness during its case-in-chief.  Fed. R. Crim.  P. 16 (a) (1) (E).

22　　　　(9)　Brady Material.  The defendant requests all documents, statements,
23 agents' reports, and tangible evidence favorable to the defendant on the issue of
24 guilty, which affect the credibility of the government's case, or which may result in a
25 lower sentence under the United States Sentencing Guidelines.  Under Brady,
26 impeachment as well as exculpatory evidence falls within the definition of evidence
27 favorable to the accused.  United States v. Bagley, 473 U.S. 667 (1985); United States
28 v. Agurs, 427 U.S. 97 (1976).

1     (10)   Giglio Information. The defendant requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. Giglio v. United States, 405 U.S. 150 (1972).

    (11)   Jencks Act Material. The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute and accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e) (1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

    (12)   Any Proposed 404(b) Evidence. The defendant requests prior notice of any crimes or bad acts that the government intents to introduce against him in its case-in-chief. Fed. R. Crim. P. 16(a) (1) (C); Fed. R. Evid. 404 (b) and 609 (b). The defendant request such notice four weeks before trial in order to give the defense time to investigate and prepare for trial.

### III

### LEAVE TO FILE ADDITIONAL MOTIONS

The defendant has not had access to some of the discovery, and the discovery in this matter may be extremely extensive and complex. As such, additional information has been requested and it is contemplated that upon receipt of the same, further motions will have to be filed. Accordingly, defendant prays for leave to file further motions should such motions be warranted.

//

4

UNITED STATES v. MINOR-OLVERA
CASE NO. 07-CR-3054-002-IEG

IV

CONCLUSION

Based on the foregoing reasons, Mr. Alberto Minor-Olvera respectfully requests that this Court, 1) compel production of discovery; 2) grant leave to file further appropriate motions.

                                      Respectfully submitted,

Dated: November 27, 2007        /s/ Mark A. Chambers
                                      MARK A. CHAMBERS
                                      Attorney for Defendant
                                      Alberto Minor-Olvera

UNITED STATES v. MINOR-OLVERA
CASE NO. 07-CR-3054-002-IEG